# Bone *v.* The State.

### *Indictment for Betting at Pool Table.*

1. *Betting at licensed table.*—To authorize a conviction for betting at a table regularly licensed (Code, § 4210), it must be proved that the defendant bet money, bank-notes, or something else of value, other than the charge for the use of the table, and that the table was regularly licensed. The statement of a witness that the defendant "bet" at the table, without more, is not sufficient proof of the first fact; and if it appears that the table was under the control of a person who had not taken out a license, but had procured the transfer of a license from the former proprietor, such license not being transferrable, the prosecution fails also as to the second fact necessary to be proved.

FROM the County Court of Madison.
Tried before the Hon. WILLIAM RICHARDSON.

This case originated in the Circuit Court, where the indictment was found, and was transferred to the County Court, as a cause undisposed of at the end of the term, under the provisions of the act to regulate the trial of misdemeanors in said county, approved February 9, 1877.—Sess. Acts 1876–7, p. 149. The indictment charged, that the defendant "bet at a game of pool, at a table regularly licensed." The defendant pleaded not guilty, and waived a jury; and the cause was heard and decided by the judge alone. On the trial, as the bill of exceptions states, the State introduced a witness, who testified, "that he saw the defendant bet at a game of pool, which was played on a table at the 'Huntsville Hotel,' in Huntsville, Madison county, Alabama, in the month of October, 1877, which was within twelve months before the finding of the indictment; and that said hotel, with the billiard and pool tables, was in the possession and control of one

Jackson. No other proof was offered, as to the act of betting; no evidence showing, or tending to show, what defendant had bet, or its value, if any, or with whom, if with any body, said bet was made." The State then proved the issue of a license to keep a table for playing pool, during the year 1877, to one A. B. Moore, who was the lessee of said hotel for the year 1877, but abandoned his lease about the 1st of August, or September, and transferred his license for the table, in consideration of the payment of $25, to said Jackson; "that said Moore, after he abandoned said hotel, did not return, and that Jackson did not, so far as witness knew, take out any other license. No evidence was introduced by the State showing that any license, other than that so taken out by said Moore, was ever taken out for said table." On this evidence, the court adjudged the defendant guilty, and imposed a fine of $50 on him, besides costs; to which ruling and judgment the defendant duly excepted.

BRICKELL, C. J.—The indictment could be supported only by proof of two facts, the existence of one of which the evidence negatives, and as to the other it is wholly insufficient. The first of these facts is, that the defendant *bet*, or *hazarded*, money, bank-notes, or other thing of value, at a game of pool, other than the charge for the use of the table. The statement of a witness, that he *bet* at such game, if it could be supposed to include the risking or hazarding of money, or bank-notes, or a thing of value, does not negative that it was not the charge for the use of the table. The other fact is, that the table was regularly licensed. So long as the table was under the control of Moore, to whom license for keeping it had issued, it was within the words of the indictment, pursuing the statute, "*regularly licensed.*" But, when Moore ceased to keep it, transferring the control of it to Jackson, the license expired. The revenue law expressly declares, that it is not transferrable.—Code of 1876, § 491; Acts of 1875-6, § 1. p. 78.

The judge of the County Court erred, in adjudging the appellant guilty, and sentencing him to pay a fine and costs. Let the judgment be reversed, and the cause remanded. The appellant must remain in custody, until discharged by due course of law.